

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 12 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**-JEC**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GEORGE CLOONEY, an individual; and JULIA MODER, professionally known as, "JULIA ROBERTS", an individual, <br><br> *Plaintiffs,* <br><br> vs. <br><br> DIGITAL PROJECTION, INC., a Georgia corporation; and DOES 1 through 20, inclusive, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. 1 12 - CV - 3569

**Jury Trial Demanded**

## COMPLAINT

Plaintiffs George Clooney and Julia Moder, professionally known as "Julia Roberts" (collectively, "Plaintiffs"), by and through their counsel, file this Complaint against Defendants Digital Projection, Inc. and Does 1 through 20, inclusive, and show this Court the following:

### NATURE OF THE ACTION

1.    Plaintiffs bring this action against defendants Digital Projection, Inc. and Does 1 through 20, inclusive, under state and federal law for Defendants'

1

infringement of Plaintiffs' rights of privacy and Defendants' unauthorized use of Plaintiffs' intellectual property, including but not limited to Defendants' prominent use of large photographs of Plaintiffs in Defendants' advertising, marketing, and promotion. As a result of Defendants' unlawful actions, Plaintiffs seek damages, and preliminary and permanent injunctive relief.

## PARTIES & JURISDICTION

2.     Plaintiff George Clooney (herein, "George Clooney" or "Mr. Clooney") is an individual and resident of the State of California.

3.     Plaintiff Julia Moder, professionally known as "Julia Roberts" (herein, "Julia Roberts" or "Ms. Roberts") is an individual and resident of the State of California.

4.     Plaintiffs are informed and believe and based thereon allege that defendant Digital Projection, Inc. ("DPI") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located in the City of Kennesaw, State of Georgia.

5.     Plaintiffs are informed and believe and based thereon allege that DPI and the fictitiously-named defendants sued herein as Does 1 through 20, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein.

6.      The true names and capacities of the fictitiously-named defendants, whether individual, corporate, or otherwise, are presently unknown to Plaintiffs, and Plaintiffs will seek leave of Court to amend this Complaint to assert the true names and capacities of such fictitiously-named defendants when the same have been ascertained.

7.      For convenience, each reference to the named defendant herein shall also refer to Does 1 through 20.  All defendants, including both the named defendant and those referred to herein as Does 1 through 20, are sometimes collectively referred to herein as "Defendants."

8.      Plaintiffs are informed and believe and based thereon allege that Defendants, and each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, license, partnership, employment, conspiracy, ownership, or joint venture.

9.      Plaintiffs are further informed and believe and based thereon allege that the acts and conduct herein alleged of each of the defendants were known to, authorized by, and/or ratified by the other defendants, and each of them.

10.     Plaintiffs are informed and believe and based thereon allege that at all relevant times each defendant knew or realized that the other defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332; this court also has subject matter jurisdiction over the claims in this Complaint arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338, and various Federal common law principles. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

12.     This Court has personal jurisdiction over each and every one of the Defendants. The one named defendant, DPI, is a citizen and resident of the State of Georgia. In addition, each and every one of the Defendants has maintained systematic contact with the State of Georgia, has transacted business within the State of Georgia (e.g., advertised, marketed, sold and shipped its products within the State of Georgia and to Georgia residents), and/or has committed acts within this Judicial District that have caused tortious injury to Plaintiffs within this Judicial District pursuant to Georgia's long-arm statute, O.C.G.A. § 9-10-91.

13.     Venue as related to Defendants is proper in this Court pursuant to 28 U.S.C. § 1391 (a) and (b). Since each and every one of the Defendants is

subject to personal jurisdiction in this Judicial District, Defendants (including DPI located in Kennesaw, Georgia) reside in this Judicial District for purposes of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

14.    George Clooney and Julia Roberts are two of the most recognized, critically acclaimed, and sought after motion picture actors in the world, and their images, identities, and personas have tremendous value.

15.    Defendant DPI is a company that sells commercial products and services in the audio/visual technology industry.  Defendants prominently used large photographs of Plaintiffs in Defendants' advertising, marketing, and promotions including without limitation:

       a.     Print advertisements published in numerous magazines;

       b.     Defendants' commercial websites, including multiple pages within www.DigitalProjection.com;

       c.     Defendants' printed brochures;

       d.     Defendants' newsletters and "e-mail blasts" distributed to their customers and prospective customers; and

       e.     Defendants' large video displays at major international trade shows.

(collectively, the "Advertisements"). Defendants distributed the Advertisements throughout Georgia, throughout the United States, and throughout the world.

16.    Defendants did not ask for or receive Plaintiffs' permission to use their photographs, identities, personas, privacy rights, publicity rights, trademarks and trade dress in the Advertisements or otherwise to associate with Defendants' companies or to market or sell Defendants' commercial products and services. Accordingly, Defendants are liable to Plaintiffs for the infringement of their privacy rights, trademark rights and other intellectual property rights. Pursuant to this lawsuit, Plaintiffs seek compensatory damages, treble damages, punitive damages, and a preliminary and permanent injunction to stop all further use of Plaintiffs' names, photographs, likenesses, images, identities, personas, trademarks, other intellectual property rights, and rights of privacy, in connection with Defendants' companies, products and services.

## FACTS RELATED TO GEORGE CLOONEY

17.    George Clooney is one of the most universally recognized, highly regarded, critically acclaimed, and commercially valuable motion picture actors in the world. The following is a list of motion pictures in which Mr. Clooney has starred since 1999:

The Descendants (2012)

1122552.1                                          -6-

The Ides of March (2011)

Fantastic Mr. Fox (2009)

The Men Who Stare at Goats (2009)

Up in the Air (2009)

Burn After Reading (2008)

Leatherheads (2008)

Michael Clayton (2007)

Ocean's Thirteen (2007)

Sand and Sorrow (2007)

The Good German (2006)

Syriana (2005)

Good Night, and Good Luck (2005)

Ocean's Twelve (2004)

Intolerable Cruelty (2003)

Spy Kids 3-D: Game Over (2003)

Solaris (2002)

Confessions of a Dangerous Mind (2002)

Welcome to Collinwood (2002)

Ocean's Eleven (2001)

Spy Kids (2001)

The Perfect Storm (2000)

O Brother, Where Art Thou? (2000)

Three Kings (1999)

18.    Mr. Clooney also had a starring role in the hit television series *ER* from 1994 to 1999, among many other television roles during his acting career.

19.    Mr. Clooney received the Academy Award Oscar for Best Actor in a Supporting Role for his performance in *Syriana*.  He also was nominated for the Academy Award Oscar for Best Actor for his performances in both *The Descendants* (2011) and *Michael Clayton* (2007).  He also was nominated for the Academy Award Oscar for Best Director for *Good Night, and Good Luck* (2005), and for Best Writing for *The Ides of March* (2011) and *Good Night, and Good Luck* (2005).

20.    Mr. Clooney also received Golden Globe Awards for his performances in *The Descendants* (2011), *Syriana* (2005) and *O Brother, Where Art Thou?* (2000).  He has been nominated for 9 other Golden Globe Awards.

21.    Mr. Clooney has won and been nominated for the following additional awards, among many others:

a.   Screen Actors Guild:  Won 4 SAG awards; nominated for 9 others.

b.   Broadcast Film Critics Association:  Won 2 awards; nominated for 9 others.

c.   National Board of Review:  Won 4 awards.

d.   International Press Academy:  Won 2 Satellite Awards; nominated for 5 others.

22.   Mr. Clooney is extremely selective when it comes to allowing his name or image to be used or associated with a third party company, or its product(s) or service(s).  Mr. Clooney has often refused to allow third parties to use his name or image.  Mr. Clooney has not agreed to appear in commercial endorsements within the United States, except in very limited circumstances.

23.   While Mr. Clooney has, on limited occasions, agreed to allow his image or likeness to be used for commercial purposes (almost entirely outside of the United States), such use was permitted only after careful evaluation of the product or service that would be advertised, only when the benefits of the commercial opportunity were commensurate with the rights that were being exploited, and only when the use fit within his overall commercial strategy.

## FACTS RELATED TO JULIA ROBERTS

24.    Julia Roberts is one of the most universally recognized, highly regarded, critically acclaimed, and commercially valuable motion picture actors in the world.  The following is a list of the motion pictures in which Ms. Roberts has starred:

Mirror Mirror (2012)

Larry Crowne (2011)

Eat Pray Love (2010)

Valentine's Day (2010)

Duplicity (2009)

Fireflies in the Garden (2008)

Charlie Wilson's War (2008)

Charlotte's Web (2006) (voice - Charlotte the Spider)

The Ant Bully (2006)

Ocean's Twelve (2004)

Closer (2004)

Mona Lisa Smile (2003)

Full Frontal (2002)

Confessions of a Dangerous Mind (2002)

Grand Champion (2002)

Ocean's Eleven (2001)

America's Sweethearts (2001)

The Mexican (2001)

Erin Brockovich (2000)

Runaway Bride (1999)

Notting Hill (1999)

Stepmom (1998)

Conspiracy Theory (1997)

My Best Friend's Wedding (1997)

Everyone Says I Love You (1996)

Michael Collins (1996)

Mary Reilly (1996)

Something to Talk About (1995)

Pret-a-Porter (1994)

I Love Trouble (1994)

The Pelican Brief (1993)

Hook (1991)

Dying Young (1991)

>Sleeping with the Enemy (1991)
>
>Flatliners (1990)
>
>Pretty Woman (1990)
>
>Steel Magnolias (1989)
>
>Blood Red (1989)
>
>Mystic Pizza (1988)

25. Ms. Roberts received the Academy Award Oscar for Best Actress for her performance in *Erin Brockovich* (2000). She also was nominated for the Academy Award Oscar for her performances in *Pretty Woman* (1990) and *Steel Magnolias* (1989).

26. Ms. Roberts received Golden Globe Awards for her performances in *Erin Brockovich* (2000), *Pretty Woman* (1990) and *Steel Magnolias* (1989). She also was nominated for 4 other Golden Globe Awards.

27. As a testament to her extreme popularity spanning more than 20 years, Ms. Roberts has received and been nominated for the following People's Choice awards:

>2012 Favorite Movie Actress – nominated
>
>2011 Favorite Movie Actress – nominated
>
>2005 Favorite Female Movie Star – **won**

2004  Favorite Motion Picture Actress – **won**

2003  Favorite Motion Picture Actress – **won**

2002  Favorite Motion Picture Actress – **won**

2001  Favorite Motion Picture Actress – **won**

2000  Favorite Motion Picture Actress – **won**

1999  Favorite Motion Picture Actress – nominated

1998  Favorite Motion Picture Actress – **won**

1997  Favorite Motion Picture Actress – nominated

1996  Favorite Motion Picture Actress – nominated

1994  Favorite Dramatic Motion Picture Actress – **won**

1992  Favorite Dramatic Motion Picture Actress – **won**

1992  Favorite Comedy Motion Picture Actress – **won**

1991  Favorite Motion Picture Actress – **won**

1991  Favorite All-Around Female Entertainer – **won**

28.    Ms. Roberts has won many other awards for her acting including, among many others:

a.    ShoWest Convention: 1998 International Star of the Year

b.    ShoWest Convention: 1991 Female Star of the Year

c.    Screen Actors Guild:  SAG Award for *Erin Brockovich* (2000)

    d.    American Society of Cinematographers: 2011 Board of Governors Award

    e.    Blockbuster Entertainment Awards: Won 4 awards; nominated for 2 others

    f.    National Board of Review: Won 3 awards

29.    Ms. Roberts is extremely selective when it comes to allowing her name or image to be used or associated with a third party company, or its product(s) or service(s). Ms. Roberts has agreed to only two "commercial endorsement" type of opportunities throughout her entire 25 year acting career, and has often refused to allow third parties to use her name or image.

30.    While Ms. Roberts has, on limited occasions, agreed to allow her image or likeness to be used for commercial purposes, such use was permitted only after careful evaluation of the product or service that would be advertised, only when the benefits of the commercial opportunity were commensurate with the rights that were being exploited, and only when the use fit within her overall commercial strategy.

## DEFENDANTS' WRONGFUL CONDUCT

31.    Defendants prominently used Plaintiffs' photographs, identities, personas, privacy rights, trademarks, trade dress and other intellectual property

rights (collectively, "Plaintiffs' Rights") in the Advertisements and otherwise to advertise, market, and promote Defendants' companies, commercial products, and commercial services.

32.    At no time did Plaintiffs ever give permission to Defendants, or any of them, to use Plaintiffs' Rights in the Advertisements or otherwise to associate with, advertise, market or promote Defendants' companies, products or services, or for any other purpose.  As such, Defendants have infringed upon Plaintiffs' Rights, and have intruded upon Plaintiffs' privacy rights to be left alone and to control the use of Plaintiffs' images, identities and personas in connection with commercial advertisements, including the right to refuse to appear in them.

33.    Plaintiffs are informed and believe and based thereon allege that Defendants intentionally, negligently and/or knowingly used Plaintiffs' Rights in the Advertisements and otherwise to advertise, market and promote Defendants' companies, products and services.

### FIRST CAUSE OF ACTION

### (Violation of Right of Privacy under Georgia Law)

34.    Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 33, as though fully set forth herein.

35.   As a result of Defendants' use of Plaintiffs' images, identities and personas without Plaintiffs' consent within Defendants' Advertisements, Plaintiffs have suffered injury.

36.   The conduct of Defendants, as alleged herein, within the State of Georgia, constitutes a violation of Georgia law regarding privacy rights due to Defendants' knowing and unauthorized use of Plaintiffs' images, identities and personas.

37.   Defendants have infringed Plaintiffs' right to be left alone and their right to control the use of their images, identities and personas, in direct violation of Georgia privacy laws.

38.   As a direct and proximate result, Plaintiffs have suffered damages and are entitled to recover damages suffered as a result of Defendants' unlawful violation of Plaintiffs' privacy rights.

39.   Plaintiffs are entitled to an award of punitive damages against Defendants, to punish Defendants for their intentional, illegal conduct and to deter the same or similar conduct in the future.  O.C.G.A. § 51-12-5.1.

40.   Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiffs' privacy rights, including Plaintiffs' name, photograph, likeness, image, identity or persona.

## SECOND CAUSE OF ACTION

**(Violation of Georgia's Uniform Deceptive Trade Practices Act**

**O.C.G.A. § 10-1-370, *et seq*.)**

41.     Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 40, as though fully set forth herein.

42.     Through Defendants' unauthorized use of Plaintiffs' images within Georgia, Defendants have caused a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association with, or certification by Plaintiffs. Defendants have also caused a likelihood of confusion or of misunderstanding as to the sponsorship, approval or certification of Defendants' products. O.C.G.A. § 10-1-372(a)(2) and (3).

43.     As a result of Defendants' actions in violation of O.C.G.A. § 10-1-370, *et seq*., Plaintiffs have suffered damages and will continue to do so until such conduct is permanently stopped. As such, Plaintiffs are entitled to injunctive relief.

44.     As a result of Defendants' wrongful acts, Plaintiffs are entitled to recover damages suffered and/or disgorgement of Defendants' profits gained as a result of violating Plaintiffs' rights.

45. Plaintiffs are entitled to an award of punitive damages against Defendants, to punish Defendants and deter the same or similar conduct in the future. O.C.G.A. § 51-12-5.1.

### THIRD CAUSE OF ACTION

### (Violation of Georgia's Law Against Unfair Competition

### O.C.G.A § 23-2-55)

46. Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 45, as though fully set forth herein.

47. Defendants have attempted to encroach upon the business of Plaintiffs by the use of Plaintiffs' trademarks, trade dress, images or identities, within the State of Georgia with the intention of deceiving and misleading the public and pass off Defendants' goods as those affiliated with or endorsed by Plaintiffs.

48. By this conduct, Defendants have perpetrated a fraud on the public and have competed unfairly in the market, in violation of O.C.G.A. § 23-2-55. As a result of Defendants' wrongful acts, Plaintiffs are entitled to injunctive relief, to recover damages suffered, and a disgorgement of Defendants' profits gained as a result of violating Plaintiffs' rights.

49.    Plaintiffs are entitled to an award of punitive damages against Defendants, to punish Defendants and deter the same or similar conduct in the future. O.C.G.A. § 51-12-5.1.

### FOURTH CAUSE OF ACTION

### (Trademark Infringement / Trade Dress Infringement /

### False Association – Lanham Act, 15 U.S.C. § 1125(a))

50.    Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 49, as though fully set forth herein.

51.    Plaintiffs' names and associated trademarks and trade dress have been extensively advertised and promoted throughout the world for more than 25 years in connection their respective entertainment and related services.  As a result of this advertising and promotion, Plaintiffs' names and associated trademarks and trade dress are recognized throughout worldwide trading areas and channels of trade as famous and distinctive, and are identified by the purchasing public with Plaintiffs.  Plaintiffs' trademarks and trade dress are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. sections 1125 and 1127.

52.    Defendants' use, and continuing use, in interstate commerce of Plaintiffs' Rights in connection with Defendants' companies, products and services constitutes a violation of 15 U.S.C. section 1125(a), in that it creates a false

1122552.1                                    -19-

association between Plaintiffs and Plaintiffs' Rights, and Defendants' companies, products and services, and a false designation of origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale, and sold by Defendants. Defendants' use of Plaintiffs' Rights is likely to confuse, mislead and/or deceive the consuming public and trade by creating the false impression that Defendants' companies, products and services are or were approved, sponsored, endorsed, guaranteed by and/or are in some way affiliated or associated with Plaintiffs.

53.    Defendants' use, and continuing use, in interstate commerce of Plaintiffs' Rights in connection with Defendants' companies, products, and services also constitutes a false or misleading description or representation in interstate commerce, in violation of 15 U.S.C. section 1125(a).

54.    As a direct and proximate result of the conduct of Defendants, Plaintiffs are entitled, pursuant to 15 U.S.C. section 1117(a), to the recovery of: (1) Defendants' profits from the sale of their products and services; and (2) any damages sustained by Plaintiffs as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiffs at trial.

55.    Plaintiffs are informed and believe and based thereon allege that because Defendants committed the acts alleged above with knowledge of

Plaintiffs' prior rights to, and use of, Plaintiffs' Rights, and with the intent to trade on Plaintiffs' Rights, this case is exceptional under 15 U.S.C. section 1117(a), entitling Plaintiffs to treble damages.

56.     Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiffs' Rights.

**FIFTH CAUSE OF ACTION**

**(Negligence)**

57.     Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 56, as though fully set forth herein.

58.     At all times, and pursuant to applicable law, Defendants owed a duty to Plaintiffs not to use Plaintiffs' Rights in the Advertisements or otherwise to associate with, advertise, market or promote Defendants' companies, products and services.

59.     Defendants breached that duty by using Plaintiffs Rights in the Advertisements and otherwise to associate with, advertise, market or promote Defendants' companies, products and services.

60.     As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiffs have been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this Court.

61.    Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiffs' Rights.

## JURY DEMAND

62.    Plaintiffs hereby request that these matters be tried by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered in Plaintiffs' favor and against each Defendant, jointly and severally, as follows:

A.    For an award in Plaintiffs' favor of compensatory, general and special damages in accordance with proof at trial, together with interest thereon at the legal rate;

B.    For an award of exemplary and punitive damages in an amount according to proof at trial;

C.    An award of the revenues and profits received by Defendants as a result of the unauthorized use of Plaintiffs' images;

D.    For entry of a preliminary and permanent injunction prohibiting Defendants and those in active concert or participation with Defendants from violating Plaintiffs' Rights, including their trademarks, trade dress, and right of privacy;

E.    For a judicial determination finding for Plaintiffs and against all

Defendants, jointly and severally, on all causes of action; and

F.    For such other relief as this Court may deem just and proper.


Respectfully submitted this 12th day of October 2012,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN LLP

Jonathan H. Waller
Ga. Bar# 734550
2001 Park Place
Suite 900
Birmingham, AL 35203
Tel (205) 994-3270
Fax (855) 501-8400
E-mail: JWaller@WRSlawyers.com

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN LLP

Charles J. Harder
Cal. Bar# 184593 (*pro hac vice* application to be filed)
11400 West Olympic Boulevard
Ninth Floor
Los Angeles, CA 90064
Tel (310) 478-4100
Fax (310) 479-1422
E-mail: CHarder@WRSlawyers.com

Attorneys for Plaintiffs
George Clooney and Julia Moder p/k/a "Julia Roberts"